# IN THE IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. RETA A. STELTING, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-22- 264-JAR |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| 1. ATWOOD DISTRIBUTING, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** Reta A. Stelting, and pleads her claims as follows:

## PARTIES

1. The Plaintiff is Reta Stelting, an adult resident of Bryan County, Oklahoma.

2. The Defendant is Atwood Distributing, L.P., a domestic company doing business in Marshall County, Oklahoma.

## CLAIMS & VENUE

3. The Plaintiff asserts claims for discrimination on the basis of disability including in the form of failure to provide reasonable accommodations and retaliation for requesting accommodations in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (ADEA).

4. Jurisdiction over Plaintiff's federal claims is found in 28 U.S.C. § 1331. This Court has jurisdiction over the state claim under 28 U.S.C. §1367. The conduct giving

rise to this action occurred in Marshall County, Oklahoma, which is a county within the United States District Court for the Eastern District of Oklahoma.

## STATEMENT OF FACTS

5. The Defendant employed at least fifteen employees for at least twenty or more weeks of the current or proceeding calendar year and, thus, is an employer as defined under the ADA. There is no minimum employee requirement under the OADA.

6. Plaintiff was an employee of the Defendant until she was involuntarily terminated around May 7, 2021.

7. Plaintiff suffers from atrial fibrillation, ventricular tachycardia, a heart muscle strain and other similar impairments which, without regard to the ameliorative effects of mitigating measures, would substantially limit one or more major life activities (including major bodily functions) such as cardiovascular and heart function.

8. Around the last week of April 2021, the Plaintiff began suffering chest pains and heart palpitations while at work.

9. Plaintiff went to the physician and was diagnosed with a strain to her heart muscle and other heart-related impairments.

10. Plaintiff's physician placed her on restrictions of lifting no more than twenty (20) pounds.

11. Around May 4, 2021, Plaintiff disclosed her medical conditions to Kristen Lucas (Store Manager) and requested the reasonable accommodation of temporarily not being required to lift more than twenty pounds.

12. Defendant refused to accommodate Plaintiff's medical condition and terminated her employment around May 7, 2021.

13. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness and similar unpleasant emotions.

14. At least, significant and/or but-for reasons for terminating Plaintiff's employment include her disability (including an actual disability, a record of a disability and/or because Defendant regarded Plaintiff as disabled) and/or her request for accommodation.

15. The Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on November 2, 2021.  The EEOC issued Plaintiff her right to sue letter on June 29, 2022, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

16. Discrimination on the basis of disability including failure to accommodation and retaliation for requesting accommodations are violations of the Americans with Disabilities Act.

17. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress and other compensatory damages.

18. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

19. Plaintiff is also entitled to a declaratory judgment that Defendant violated the ADA and reinstatement, along with attorney fees and costs.

## COUNT II

20. Discrimination on the basis of disability including failure to accommodation and retaliation for requesting accommodations are violations of Oklahoma's Anti-Discrimination Act.

21. Under this Count the Plaintiff is entitled to her back pay and benefits, along with liquidated damages in the amount of her back pay and benefits.

22. Plaintiff is also entitled to a declaratory judgment that Defendant violated the OADA and reinstatement, along with attorney fees and costs.

## PRAYER

**WHEREFORE**, the Plaintiff requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 15TH DAY OF SEPTEMBER 2022:**

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
*Counsel for Plaintiff*